UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAMI L. CIBOSKI,

      Plaintiff,

   v.                                         Case No. 05-C-0221

MEDIX AMBULANCE SERVICES INC.,

      Defendant.

**DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF DILIGENCE**

This action was commenced on February 5, 2005, when the plaintiff, Tami L. Ciboski ("Ciboski"), by her counsel, John M. Murphy, filed a complaint alleging a violation of Title VII of the Civil Rights Act of 1964. The action was assigned to this court and both Ciboski and the defendant, Medix Ambulance Services, Inc. ("Medix") consented to this court's jurisdiction.

A scheduling conference was conducted with the parties on June 14, 2005. At the conclusion of that conference a scheduling order was issued which ordered that the parties were to make their Rule 26(a) Fed. R. Civ. P. disclosures no later than June 28, 2005; that all discovery was to be completed in accordance with Civil L.R. 26.2 by October 14, 2005; and that a scheduling conference would be held on Friday, October 21, 2005 at 9:00 a.m.

On October 4, 2005, Ciboski's counsel, Attorney Murphy filed a Notice of Motion and Motion to Withdraw as Counsel of Record. In support of that motion, Attorney Murphy filed an affidavit. In his affidavit Attorney Murphy avers the following:

1. That he was retained by the Plaintiff, Tami Ciboski, as counsel in [this case].

2. That there is an inability to agree on which direction to take the case.

3. That in addition the Plaintiff has shown a lack of cooperation in the above proceedings. This lack of cooperation is evidenced by a lack of communication between the Plaintiff and my office.

4. That because of the inability to agree on which direction to take the case, lack of cooperation by the Plaintiff in this case, I, can no longer adequately represent Plaintiff, and therefore, wish to withdraw as said Plaintiff's counsel of record.

(Murphy Aff. ¶¶ 1-4.).

On October 21, 2005, this court conducted a scheduling conference in accordance with Fed. R. Civ. P. 16 and Civil L.R. 16.1, during which this court addressed the Motion to Withdraw as Counsel of Record. At the conclusion of that conference, another scheduling order was issued in which this court granted Attorney Murphy's Motion to Withdraw as Counsel of Record, based upon the reasons outlined above as well as those stated by Attorney Murphy in open court. This court further ordered that a scheduling conference would be conducted on Tuesday, November 22, 2005 at 9:00 a.m; that plaintiff would be expected to attend the November 22, 2005 scheduling conference if she intends to continue to pursue this action; and that if the plaintiff failed to attend the November 22, 2005 scheduling conference, this court would construe her absence as an indication that she no longer wishes to pursue this action.

On November 22, 2005, the court conducted a scheduling conference in accordance with Fed. R. Civ. P. 16 and L.R. 16.1. Appearing on behalf of the defendant was Attorney Katherine L. Williams. The plaintiff did not appear, nor did she contact this court regarding her absence. Thus, this court has construed her absence as an indication that she no longer wishes to pursue this action.

2

Civil Local Rule 41.3 (E.D. Wis.) provides as follows:

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

As set forth above, Ms. Ciboski has failed to communicate with her counsel in this case, and subsequently, her counsel has been granted his Motion to Withdraw as Counsel of Record. Thus, Ms. Ciboski is now apparently proceeding pro se and has failed to appear at the scheduling conference conducted today, November 22, 2005. It may be that Ms. Ciboski has lost interest in her case. Regardless, it is abundantly obvious that Ms. Ciboski is not diligently prosecuting this action. Because the plaintiff is now apparently proceeding pro se, this action will be dismissed without prejudice. Consistent with the provisions of Civil Local Rule 41.3, Ms. Ciboski can petition for reinstatement of the action within 20 days of the date of this order.

**NOW THEREFORE IT IS ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Ms. Ciboski can petition for reinstatement of the action within 20 days of the date of this order.

**SO ORDERED** this 22nd day of November 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge